F I L E D
CLERK OF COURT

2025 JUN 10 PM 12: 02

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

BRIAN WILLIAM PAYNE,
DOB: 11/09/1982

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CM0282-21**
GPD Report No. 21-18208

**DECISION & ORDER
RE. MOTION TO DISMISS FOR
UNNECESSARY DELAY (8 G.C.A. §
80.70(b)) AND VIOLATION OF SPEEDY
TRIAL RIGHTS**

This matter came before the Honorable Alberto E. Tolentino on March 25, 2025, for a motion hearing. Defendant Brian William Payne ("Defendant") was present with counsel Public Defender Adam Gunkel. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). The Defendant previously filed a Motion to Dismiss for Unnecessary Delay (8 G.C.A. § 80.70(b)) and Violation of Speedy Trial Rights on February 17, 2025. On March 25, 2025, the court heard oral argument from the Defendant only.[1] Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the Defendant's brief and oral argument, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss for Unnecessary Delay (8 G.C.A. § 80.70(b)) and Violation of Speedy Trial Rights.

---

[1] The court denied the People's request to file an untimely opposition to the Defendant's Motion to Dismiss. *See* Mot. Hr'g Mins. at 11:13:50 – 15:13AM (Mar. 25, 2025).

# BACKGROUND

On July 31, 2021, the Defendant was charged for the offenses of: (1) DRIVING WHILE IMPAIRED (As a Misdemeanor); and (2) CRIMINAL MISCHIEF (As a Misdemeanor). *See* Magistrate's Compl. (July 31, 2021). That same day, the court released him on conditions and appointed the Public Defender Service Corporation to represent him in this case. *See* Magistrate's Hr'g Mins. at 3:55:20PM (July 31, 2021). The Defendant filed his written waiver of his right to speedy trial on August 19, 2021, and subsequently waived at arraignment on August 27. *See* Arraignment Hr'g Mins. at 9:26:04AM (Aug. 27, 2021).

Following the hearing, the People declared the Defendant legally ineligible to participate in the Driving While Impaired ("DWI") Treatment Court but eligible to participate under traditional DWI First Offender guidelines. *See* Decl. (Sept. 3, 2021). The court scheduled the jury selection and trial for this case on January 12, 2022. *See* Criminal Trial Scheduling Order (Sept. 20, 2021). Due to ongoing plea negotiations between the parties, the court vacated this date for jury selection and trial, as well as, other trial dates subsequently issued in its Amended Criminal Trial Scheduling Order.

Recently, the Defendant filed a Motion to Compel Discovery on February 12, 2025. Five days later, the court issued new dates, scheduling jury selection and trial for May 7, 2025, at 1:00PM. *See* 2nd Amended Criminal Trial Scheduling Order (Feb. 17, 2025). However, the Defendant filed his Motion to Dismiss for Unnecessary Delay (8 G.C.A. § 80.70(b)) and Violation of Speedy Trial Rights ("Motion to Dismiss") that same day. Because the opposition filing deadline lapsed, the People filed its Good Faith Request for Leave to File an Untimely Opposition Brief to Defendant's Motion to Dismiss on March 24, 2025.

During the motion hearing on March 25, 2025, the court denied the People's request for leave of court to oppose the Motion to Dismiss absent a showing of good cause. *See* Mot. Hr'g Mins. at 11:13:50 – 15:13AM (Mar. 25, 2025). Following the Defendant's oral argument in the motion hearing, the court took the matter under advisement.

## DISCUSSION

The Defendant argues that the amount of delay in this case violated his Sixth Amendment right to a speedy trial. Because of the delay, the Defendant now seeks the dismissal of his case under 8 GCA § 80.70(b). "If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint." 8 GCA § 80.70(b). Before the court can dismiss this case under 8 GCA § 80.70(b), it must first determine whether the delay in this case was unnecessary enough to find a constitutional violation of the Defendant's right to speedy trial.

The Sixth Amendment protects the right to a speedy and public trial in all criminal prosecutions against the accused. *See* U.S. Const. amend. VI. For U.S. citizens residing in Guam, "[t]he Sixth Amendment to the United States Constitution, incorporated by the Organic Act of Guam, guarantees the accused the 'right to a speedy and public trial.'" *People v. Mendiola*, 2023 Guam 12 ¶ 21 (citing U.S. Const. amend. VI.; 48 U.S.C.A. § 1421b(g); 8 GCA § 1.11(a) (2005)).

The Guam Supreme Court has previously determined whether a person's constitutional right to speedy trial was violated when considering, as a whole, the following factors in *Barker v. Wingo*: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. *People v. Mendiola,* 2015 Guam 26, ¶ 13 (quoting *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972)). This

court will now review the *Barker* factors to determine whether Defendant Payne's constitutional right to a speedy trial was violated.

## A. The Length of the Delay

The first *Barker* factor, which the court must review, is how long of a delay exists in Defendant Payne's case. "The length of the delay is measured from the point of arrest or indictment until trial." *People v. Naich*, 2013 Guam 7 ¶ 50 (citing *People v. Flores*, 2009 Guam 22 ¶ 43). Until there is delay that is presumptively prejudicial, there is no need for inquiry into or balancing of the other *Barker* factors. *See Barker*, 407 U.S. at 530. The more serious or complex the charge, the greater the length of delay that will be tolerated. *Id.* at 530–31.

While there is no exact amount of time that constitutes as prejudicial, the Guam Supreme Court has previously found delays of six years and four years to be prejudicial enough to warrant examination of the other *Barker* factors. *See Flores*, 2009 Guam 22 ¶¶ 43-44; *see also People v. Mendiola*, 1999 Guam 8 ¶ 24. However, the Court has also held that an eighteen-month delay did not rise to the level of a constitutional violation when much of that time was attributable to the defendant. *See Naich*, 2013 Guam 7 ¶ 57.

The Defendant argues that the delay of "over four years" is unnecessary, unreasonable, and presumptively prejudicial in light of the *de minimum* nature of his offenses. Mot. Dismiss at 3 (Feb. 17, 2025). In this misdemeanor case, the point of arrest and charging via Magistrate's Complaint was July of 2021. The court set the matter for trial on three separate dates before the parties eventually agreed to vacating each date: January 12, 2022; May 18, 2022; and May 7, 2025. Because this case has not gone to trial, the court notes that it has been approximately three (3) years and seven (7) months between the time he was arrested and the filing of his Motion to

Dismiss. Therefore, the court finds that the length of this delay is presumptively prejudicial enough to warrant further review of the other *Barker* factors.

## B. The Cause of the Delay

Under the second *Barker* factor, the court must review the People's reasons for the delay in bringing the Defendant to trial. In comparison to "[a] deliberate attempt to delay trial in order to hamper the defense," a more neutral reason for the People's delay is weighed less heavily but still requires consideration. *Mendiola*, 1999 Guam 8 ¶ 61 (quoting *Barker*, 407 U.S. at 531).

As mentioned earlier, the court denied the People's request to file an untimely opposition to the Motion to Dismiss. Despite the People's failure to timely file its opposition in this case, the court still has an obligation to analyze the merits of the issue before it.[2]

In this case, the court originally scheduled jury selection and trial for January 12, 2022. *See* Criminal Trial Scheduling Order (Sept. 20, 2021). By agreement of the parties, the court vacated that trial date at the pre-trial conference on December 28, 2021, noting the Defendant's eligibility for DWI First Offender Guidelines. *See* Pre-Trial Conference Mins. at 9:18:04AM (Dec. 18, 2021). On January 27, 2022, the court issued an amended CTSO after no movement towards a DWI First Offender offer. *See* Further Proceedings Mins. at 3:07:02PM (Jan. 14, 2022). The court then scheduled jury selection and trial for May 18, 2022. *See* Criminal Trial Scheduling Order (Jan. 27, 2022). However, the court again vacated jury selection and trial at the pre-trial conference on May 3, 2022, due to ongoing plea negotiations between the parties from that date through September 1, 2023. *See* Pre-Trial Conference Mins. at 9:51:42AM (May 3, 2022).

---

[2] In *Petition of Quitugua v. Flores,* the Supreme Court of Guam held that "the failure to file a written opposition, the filing of a notice non-opposition, or the disregard of untimely filed papers" does not relieve the lower court of its obligation to consider the merits of a motion before rendering its decision. *Petition of Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27–28.

Between 2023 and the Defendant's Motion to Compel Discovery filed on February 15, 2025, there was no activity in this case.

The Defendant argued that the People had been negligent since September 3, 2021, which was when it filed the Defendant's eligibility for a plea offer under the DWI First Offender guidelines. *See* Mot. Dismiss at 4. The court disagrees that the People's negligence, if any, dates back to 2021 when the court's record indicates that plea negotiations between both parties were ongoing as early as December 28, 2021; and then resumed between May 3, 2022, through September 1, 2023. Although the Defendant was deemed eligible for a plea offer under the DWI First Offender guidelines since September 3, 2021, the court sees that majority of the delay in this case could be attributed to the parties' negotiations and formalization of a DWI First Offender plea agreement.

At the motion hearing, the Defendant also informed the court about a "drop in communication" as a cause for the delay. *See* Mot. Hr'g Mins. at 11:25:10 – 25:20AM (Mar. 25, 2025). However, he could not provide evidence as to whom the court can attribute fault over the drop in communication towards. Therefore, the court finds that the cause for the delay weighs against the Defendant.

## C. The Defendant's Assertion of his Right to a Speedy Trial

This next factor calls this court to consider the Defendant's assertion of speedy trial. In order to successfully argue that a Sixth Amendment violation has occurred, a defendant bears the responsibility to proactively assert a speedy trial claim. *See Mendiola*, 1999 Guam ¶ 29 (citing *Barker*, 407 U.S. at 529). "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. Even with a defendant's assertion of speedy trial, which is entitled to strong evidentiary weight, the court must exercise its

judicial discretion, viewing that assertion in light of the defendant's other conduct. *See Flores*, 2009 Guam ¶ 47 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986)).

Here, the Defendant never asserted his statutory or constitutional rights to speedy trial. At arraignment, he waived his right to speedy trial on the record after filing his written waiver eight (8) days prior. Nonetheless, the Defendant argued that he did not "forever waive" his right to a speedy trial. *Barker*, 407 U.S. at 531.

Despite his waiver, the Defendant assumed "there would be a trial for his charges or at a minimum some activity from the courts and prosecution." Mot. Dismiss at 5. When the court vacated the scheduled dates for jury selection and trial, it had done so without objection from both parties as they noted that a formal plea was in place. *See* Pre-Trial Conference Mins. at 9:18:04AM (Dec. 28, 2021); *see also* Pre-Trial Conference Mins. at 9:51:42AM (May 3, 2022).

Since his waiver at arraignment, the Defendant has had the opportunity to assert his right to speedy trial if that was how he intended his case to move forward. Rather, he desired to resolve this case without going to trial. In light of the Defendant's other conduct, the court finds that his failure to assert his statutory or constitutional right to speedy trial weighs against him.

**D. The Presence or Absence of Prejudice Resulting from the Delay**

The last factor for the court to review is whether the Defendant suffered any prejudice due to the delay in this case. An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *People v. Corpuz*, 2019 Guam 1 ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016)

(quoting *United States v. Taylor*, 487 U.S. 326, 340-41 (1988)) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *People v. Aromin*, 2014 Guam 3 ¶ 24. Because this case did not go to trial, the court will examine the existence of any non-trial prejudice against Defendant Payne.

As to the offenses charged in this case, the Defendant argued that: (1) memories of witnesses will fade; (2) his anxiety will grow; (3) evidence and possible alternative suspects will be lost; (4) and it is more likely that officers will memorize their reports if called to testify. *See* Mot. Dismiss at 6. Although these are concerns that the Guam Supreme Court has recognized in both *Aromin* and *Corpuz*, the Defendant has not shown *this* court that these concerns are present in this case, especially as the parties indicated at the motion hearing that they are still working towards a resolution short of trial. *See* Mot. Hr'g Mins. at 11:12:25 – 12:30AM (Mar. 25, 2025).

At the motion hearing, the Defendant did address that the delay in this case led to prejudice in the form of adverse career consequences; specifically, losing his military base access that was required for his job. *See* Mot. Hr'g Mins. at 11:31:04 – 31:40AM (Mar. 25, 2025). Even with two employers of the Defendant listed in the court's record, it remains unclear how much this case has prejudiced his ability to gain or maintain employment. For example, the Defendant provided no information about his employment history since he was charged, his current employment status with either employer, or if he still needs military base access to work today. Without more, the court is not convinced that the Defendant's ability to work has been so prejudiced by the delay to warrant his case's dismissal.

Prejudice from oppressive pretrial incarceration is nonexistent in this case given that the Defendant has been released since 2021. While the Defendant also stated that this case is preventing him from moving to the mainland U.S., the court never restricted his ability to travel

off island when it released him on conditions in 2021. It is also noteworthy that the Defendant has since filed a waiver of appearance at all hearings, including entering a plea and accepting imposition of sentence. *See* Def.'s Waiver (May 6, 2025). Therefore, the court finds that this factor weighs against the Defendant.

Because majority of the factors under *Barker* weigh against the Defendant, the court finds that there was no violation of his constitutional right to speedy trial. Furthermore, the court finds that the delay in this case was not unnecessary and does not warrant dismissal of the case.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons above, the court hereby **DENIES** the Defendant's Motion to Dismiss for Unnecessary Delay (8 G.C.A. § 80.70(b)) and Violation of Speedy Trial Rights.

A Further Proceedings is scheduled before this court on July 23, 2025, at 10:30AM.

**SO ORDERED** this  JUN 1 0 2025 _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam